IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02266-BNB

VICKI DILLARD,

    Plaintiff,

v.

SGT. MATT CLARK,
LT. DAVID AFSHAR,
SGT. RICHARD SEELEY.
OFFICER ABEITA, In Their Official & Individual Capacities, and
THE CITY AND COUNTY OF DENVER, A Municipality,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT
AND DISCHARGING SHOW CAUSE ORDER

---

    Plaintiff, Vicki Dillard, currently is incarcerated in a prison facility in Fort Worth, Texas. Originally, Plaintiff filed a Complaint when she resided in Denver, Colorado. The Court reviewed the Complaint and entered an order on September 4, 2012, instructing Plaintiff to respond and show cause why the action should not be dismissed as repetitive of the claims she raised in *Dillard, et al. v. Gregory, et al.*, No. 11-cv-01928-RBJ-BNB (D. Colo. Oct. 18, 2012). After several requests for extension of time to respond, Plaintiff filed a Response on December 12, 2012. Based on the Response, and Plaintiff's claim that she is challenging a different incident than the one involved in Case No. 11-cv-01928-RBJ-BNB, the Court will discharge the order to show cause.

    Plaintiff, on January 2, 2013, filed a Supplement in which she asserts additional injuries. The Court must construe the Complaint and other pleadings filed by Plaintiff

liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff may not amend the Complaint in piecemeal fashion. She must submit to the Court an Amended Complaint that includes all claims on a Court-approved form. The Court, therefore, will direct Plaintiff to file an amended complaint that includes all of the claims she wishes to pursue and that names as Defendants all of the individuals she is asserting those claims against. If Plaintiff does not file an Amended Complaint the Court will proceed to review only the claims asserted in the Complaint filed on August 24, 2012.

In addition, for each claim she asserts, Plaintiff "must explain what each defendant did to [ ] her; when the defendant did it; how the defendant's action harmed [ ] her; and, what specific legal right [she] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Personal participation is an essential allegation in a § 1983 action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See*

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To the extent Plaintiff may name supervisory individuals, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.

Finally, municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or

custom and the injury alleged.  *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989).  Plaintiff cannot state a claim for relief against the City and County of Denver under § 1983 merely by pointing to isolated incidents.  *See Monell* , 436 U.S. at 694.  Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff shall file an Amended Complaint as directed in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an Amended Complaint that complies with this Order within the time allowed, the Court will proceed to review the Complaint filed on August 24, 2012.  It is

FURTHER ORDERED that the Order to Show Cause, ECF No. 6, is discharged.

DATED January 28, 2013, at Denver, Colorado.

                          BY THE COURT:

                           s/ Boyd N. Boland
                          United States Magistrate Judge