IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02266-BNB

VICKI DILLARD,

     Plaintiff,

v.

SGT. MATT CLARK,
LT. DAVID AFSHAR,
SGT. RICHARD SEELEY,
OFFICER ABEITA, In Their Official & Individual Capacities,
THE CITY AND COUNTY OF DENVER, a Municipality,
KATHLEEN BENTON,
FRANK H. INGHAM,
GARY GREGORY,
ROY SANCHEZ,
SUSAN ROYBAL, and
MS. PIERCE, In Their Official and Individual Capacities,

     Defendants.

ORDER OF DISMISSAL

     Plaintiff, Vicki Dillard, acting *pro se*, initiated this action by filing a Complaint asserting a deprivation of her federal constitutional rights pursuant to 42 U.S.C. §§ 1981, 1983, and 1985, and violations of the federal RICO law, the Colorado Constitution, and various state statutes and state law. Plaintiff was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. On September 4, 2012, Magistrate Judge Boyd N. Boland instructed Plaintiff to show cause why this action should not be dismissed as repetitious litigation and legally frivolous because Plaintiff is rearguing the claims she asserted in *Dillard, et al., v. Gregory, et al.*, No. 11-cv-01928-RBJ-BNB (D. Colo. Oct. 18, 2012). After several extensions of time, Plaintiff responded to the Order to Show and argued that the claims in this case involve an incident that is

distinct from the issues in Case No. 11-cv-01928-RBJ-BNB. Based on Plaintiff's Response, Magistrate Judge Boland discharged the Order to Show Cause and instructed Plaintiff to file an Amended Complaint. Plaintiff filed an Amended Complaint on March 18, 2013.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. The Court will dismiss this action for the following reasons.

Plaintiff asserts eighteen claims in the Amended Complaint. As part of the Amended Complaint, Plaintiff has included a document that is titled "An Elucidation of the Claims." The Court finds that the "elucidation" is repetitive and inappropriate under Fed. R. Civ. P. 8. Plaintiff has stated the claims clearly on Pages Eleven through Twenty-Seven. The Court, therefore, will consider only the eighteen separate claims set forth on Pages Eleven through Twenty-Seven. The claims are as follows:

1) Illegal Search and Seizure, a violation of the Fourth Amendment, Colo. Const. art. II, § 7, Colo. Rev Stat. §§ 16-3-310 and 19-2-504-505;

2) Deprivation of home and property in violation of the Fourteenth Amendment;

3) A denial of a right to confront a witness and to a speedy trial in violation of the Sixth Amendment;

4)   Unlawfully influencing a public servant in violation of Colo. Rev. Stat. §§ 18-8-101 and 18-8-306;

5)   Willfully and recklessly removing Plaintiff's property in violation of the Eighth Amendment;

6)   Unlawful arrest, detention, and kidnapping in violation of RICO laws under 18 U.S.C. § 1964(c) and Colo. Rev. Stat § 18-3-302;

7)   Retaliation with threat of arrest in violation of RICO laws under 18 U.S.C. § 1961(1)(B) (§ 1513) ;

8)   Trespass in violation of Colo. Rev. Stat. § 13-80-102;

9)   Negligence in failing to prevent the August 24, 2010 incident;

10)  Failure to train or supervise employees and to implement policies regarding illegal evictions;

11)  Abuse of Process (Illegal search and seizure for the purpose of eviction);

12)  Willful and wanton conduct due to the lack of court order to evict;

13)  Violation of RICO laws under 218 U.S.C. § 1961(1)(B) (§ 1503) and of 42 U.S.C. § 1985(2);

14)  Commission of a deceptive act by failing to report that Plaintiff was at the property when law enforcement officers arrived;

15)  Conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985 by disobeying court orders, lying, and filing false documents in an attempt to cover-up illegal actions;

16)  Lack of authority to execute a writ of restitution under Colo. Rev. Stat. § 13-40-122;

17)  Use of threatening language against Plaintiff in violation of Colo. Rev. Stat. 13-40-101; and

18)  Use of a "strong hand" to conduct an illegal eviction in violation of Colo. Rev. Stat § 13-40-102.

Prior to addressing Plaintiff's claims, the Court will set forth an account of events that preceded Plaintiff's eviction from 1933 S. Downing Street, Denver, Colorado, on

August 24, 2010. In an opinion entered by the United States Bankruptcy Appellate Panel of the Tenth Circuit, in Patricia Ann Evans' (Plaintiff's mother) bankruptcy proceedings, the Panel delineated the state proceedings that took place from August 7, 2007, until July 10, 2010, when the property at 1933 S. Downing Street was discharged from Plaintiff's bankruptcy. The Panel's description reads as follows:

> In her bankruptcy filings, Debtor [Patricia Ann Evans, Mother of Vicki Dillard] listed her primary residence as 1933 S. Downing St., Denver, Colorado (the "Property"). Apparently, Debtor has resided on the Property as a "guest" of its former owner, Vicki Dillard-Crowe, but holds no ownership or other interest in it. [footnote omitted]
>
> Appellee, Bank of New York ("Bank"), filed a motion for relief from stay to allow it to proceed with its recovery of the Property. Bank is the successor in interest to the original grantee of a Trust Deed on the Property, which was executed by Dillard-Crow in 2005. In March 2007, Bank began proceedings in a Colorado state court seeking sale of the Property due to Dillard-Crowe's default under the terms of the Trust Deed. Dillard-Crowe did not respond to Bank's state court filings and, pursuant to state law, the Property was sold at public sale on August 7, 2007. Bank purchased the Property at that sale for $238,500.
>
> In November 2007, Bank initiated an eviction action in state court against Dillard-Crowe and any other occupants of the Property. On June 27, 2008, the state court issued a judgment of possession and a writ of restitution to Bank, which has attempted to exercise its right to possess the Property ever since.
>
> Due to appeals within the state court system, and the filing by Dillard-Crow of her own bankruptcy petition, the writ of restitution that was issued in June 2008 expired before it could be executed. However, following Bank's successful request for relief from stay in the Dillard-Crowe bankruptcy, the state court issued a new writ of restitution to Bank on February 11, 2010.
>
> Debtor filed her bankruptcy petition the very next day, February 12, 2010, and listed the Property as her primary residence. Bank requested relief from the automatic stay,

4

> which was granted on May 13, 2010.  Debtor filed her notice
> of appeal the next day, and Chapter 7 trustee for her estate
> filed a Report of No Distribution on May 21, 2010.  Debtor
> was granted a discharge on July 9, 2010.

*In re Patricia Ann Evans*, No. CO-10-031 (B.A.P. 10th Cir. Jan. 4, 2011), *review denied on appeal by In re Evans*, 465 F. App'x 763, *766-67 (10th Cir. 2012) (Tenth Circuit found review precluded because Debtor's appeal did not include a challenge to the BAP's January 4 order affirming the Bank's stay relief).

      Plaintiff also attempted to stop the relief from stay by the Bank in her own bankruptcy proceeding, which was denied by the bankruptcy court.  *See In re Vicki Renee Dillard*, No. 09-24506-HRT, ECF No. 83 (Bankr. D. Colo. Discharged July 6, 2010) (On January 21, 2010, the bankruptcy court found that foreclosure proceedings concluded in 2007 regarding 1933 S. Downing St. property, eviction proceedings were pending, and trustee expressed no interest in the property for the benefit of the estate).

      Plaintiff, and her mother, Patricia Johnson (Evans), on July 24, 2011, filed a complaint in this Court challenging an attempted eviction from 1933 S. Downing Street that took place on June 14, 2010.  *See Dillard v. Gregrory. et al.*, No. 11-cv-01928-RBJ-BNB, ECF No. 1 (D. Colo. Oct. 18, 2012).  The court, in Case No. 11-cv-01928-RBJ-BNB, originally dismissed the complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine.  The plaintiffs filed a motion to reconsider the dismissal, which the court granted and instructed plaintiffs to file an amended complaint that clarifies their claims.  The plaintiffs filed an amended complaint, and the defendants filed a motion for summary judgment.  The court granted the defendants' motion on October 18, 2012.  In the October 18 Order, the court outlined the state proceedings that took place regarding Plaintiff's two-year possession of the 1933 S. Downing Street property

after the Bank of New York Trust Company purchased the property at a public auction.

The overview reads as follows:

> On November 3, 2007 a "Demand for Possession" was posted on the plaintiffs' door by the Bank. The plaintiffs retained possession of the property, and the Bank filed a Verified Complaint for Unlawful Detainer on November 5, 2007. Upon Ms. Dillard's motion the case was transferred to the Denver District Court. After a hearing, the Denver District Court entered a Judgment for Possession and issued a Writ of Restitution in favor of the Bank on June 19, 2008. Ms. Dillard appealed the judgment to the Colorado Court of Appeals, and the Court of Appeals affirmed the district court's ruling. On July 21, 2009 Ms. Dillard filed for Chapter 7 Bankruptcy protection in Case No. 09-24506-HRT. On October 13, 2009 Ms. Dillard submitted a Petition for Writ of Certiorari to the Colorado Supreme Court, which was promptly denied.
>
> On December 1, 2009 the Bank obtained relief from the automatic stay in Ms. Dillard's bankruptcy case and requested that the Denver District Court reissue a writ of restitution on December 11, 2009. The court issued the Writ of Restitution on February 11, 2010, which Ms. Dillard appealed the same day. On February 12, 2010 Ms. Evans filed for Chapter 7 bankruptcy protection in Case No. 10-127410-EEB. On February 16, 2010 Ms. Dillard filed a request for "Injunctive Relief/Stay or Vacate Writ" in the FED case. The Bank filed a "Combined Motion to Strike Defendant's Request for Injunctive Relief/Stay or Vacate Writ and to Stay Writ of Restitution.
>
> The Colorado Court of Appeals dismissed the appeal on May 19, 2010 on the grounds that a writ of restitution is not an appealable order and the Colorado Court of Appeals lacked jurisdiction. On May 13, 2010 the United States Bankruptcy Court issued an order granting the Bank relief from the automatic stay in Ms. Evans' bankruptcy case. The Bank received the Writ of Restitution from the district court on June 2, 2010.

*Id.*, ECF No. 56 at 2-3 (citations omitted).

While Case No. 11-cv-01928-RBJ-BNB was pending, Plaintiff filed this case challenging a second eviction, which was effected on August 24, 2010. Plaintiff states

6

that at approximately 7:00 a.m., Denver police officers, a representative of the Bank of New York, the Rocky Mountain Alarm Company, an unknown construction company, and unknown movers arrived at her property.  Plaintiff asserts that one of the police officers demanded that she and her mother open the front door, which her mother did because she was afraid.  Plaintiff contends that she asked the police for legal documentation supporting their demands, but no documentation was provided.  Plaintiff further contends that she and her mother were frightened by the officers surrounding the house and banging on the windows and were told by the police that they would break the door down if they did not open it.  Plaintiff also contends that she and her mother were forced to stand on the sidewalk in their nightclothes while the neighbors watched and their property was removed from the home to an unknown location.  Plaintiff likens the incident to a criminal proceeding.

Plaintiff contends that a writ of restitution returning the property to the Bank of New York Trust Company was not properly entered by a state court and no record exists of a court order authorizing the writ.  Plaintiff is incorrect about the writ of restitution.  A state writ of restitution that restored the property at 1933 S. Downing Street to the Bank of New York Trust Company was entered by the Denver County District Court on June 2, 2010.  *See* Case No. 11-cv-01928-RBJ-BNB at ECF No. 45-22.

Plaintiff may not challenge the Denver Court eviction proceeding in this action because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The

*Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

To the extent that Plaintiff's claims are based on an alleged unauthorized eviction, any remedy in this Court would disrupt or undo a state court judgment. The

8

Court lacks subject matter jurisdiction in this case to review the ordered eviction or alleged lack thereof and to decide Plaintiff's Fourth Amendment claim (search and seizure) because it is inextricably intertwined with the state court eviction judgment.

The remaining claims, to the extent they address how Plaintiff was treated at the time of the eviction and not the eviction itself, either will be dismissed as legally frivolous or because the Court declines supplemental jurisdiction.

Plaintiff's Sixth, Eighth, and Fourteenth Amendment claims asserted pursuant to 42 U.S.C. § 1983 are without merit and will be dismissed as legally frivolous. Plaintiff was not subject to a criminal proceeding and, at the time of the eviction, she held no interest in the 1933 S. Downing Street property. Furthermore, because the Court finds no basis for Plaintiff's § 1983 claims, her failure to train and supervise and lack of policies claims are moot.

Plaintiff also fails to assert a violation of 42 U.S.C. § 1985. Plaintiff does not allege facts that pertain to the intimidation of a party, witness, or juror in a matter pending before a court of the United States or other obstruction of justice as required under § 1985(2). Nor does Plaintiff allege "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom." *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Furthermore, § 1985(3) applies only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* (quoting *Griffin v.Breckenridge*, 403 U.S. 88, 101-02 (1971)). Plaintiff's § 1985 claim will be dismisses as legally frivolous.

Plaintiff's RICO claims also lack merit. Section 1964(c) provides that:
Any person injured in [her] business or property by reason of a violation of

>section 1962 of this chapter may sue therefor in any appropriate United
>States district court and shall recover threefold the damages [s]he
>sustains and the cost of the suit, including a reasonable attorney's
>fee . . . .

Under RICO's civil remedies provision, 18 U.S.C. § 1964(c), a "'plaintiff has standing to bring a RICO claim only if [s]he was injured in [her] business or property by reason of the defendant's violation of § 1962.'" *Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007) (quoting *Deck v. Engineered Laminates*, 349 F.3d 1253, 1257 (10th Cir. 2003)). A private RICO claim can only be brought by a plaintiff claiming a personal injury arising from the use or investment of racketeering income, *Peterson v. Shanks*, 149 F.3d 1140, 1145 (10th Cir. 1998) (citing *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir. 1989)).

"To successfully state a RICO claim, a plaintiff must allege four elements (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Robbins v. Wilkie*, 300 F.3d 1208, 1210 (10th Cir. 2002). The second RICO element, an enterprise, "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). "[T]o properly plead an enterprise a plaintiff must allege three components: (1) that there is "an ongoing organization with a decision-making framework or mechanism for controlling the group," (2) "that various associates function as a continuing unit," and (3) "that the enterprise exists separate and apart from the pattern of racketeering activity." *Kearney v. Dimanna* 195 F. App'x 717, 720 (10th Cir. 2006) (enterprise did not exist among police officers, law firm, and police association in a defamation suit by a private investigator) (quoting *United States v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005)).

Plaintiff fails to allege the existence of an enterprise separate and apart from the racketeering activity. *Id.* Criminal actors who participate in a pattern of racketeering activity do not automatically constitute an "association-in-fact RICO enterprise" by virtue of engaging in joint conduct. *Id.* at 720-21. Absent the alleged kidnapping there would not be an association-in fact among Defendants. *Id.* Also pursuant to 18 U.S.C. § 1964(c) a plaintiff must allege actual, quantifiable injury. *See McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 227 (2nd Cir. 2008). Nothing Plaintiff asserts equates to an actual, quantifiable injury.

Moreover, 18 U.S.C. §§ 1513 and 1961(1)(b) are inapplicable to the facts of this case. Section 1513 prohibits witness or informant retaliation and conspiracies. Also, 18 U.S.C. § 1503 is inapplicable as the section prohibits influencing or injuring an officer or juror. The RICO claims, therefore, lack merit and will be dismissed as legally frivolous.

Plaintiff also may not assert her eviction claims against Defendants pursuant to 42 U.S.C. § 1981. In order to establish a prima facie case of discrimination under § 1981, a plaintiff must show "(1) that the plaintiff is a member of a protected class; (2) that the defendant had the intent to discriminate on the basis of race; and (3) that the discrimination interfered with a protected activity as defined in § 1981." *Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001). Plaintiff does not allege that Defendants discriminated against her because of her race. Therefore, Plaintiff's unauthorized eviction and treatment claims may not be asserted pursuant to § 1981 and this claim will be dismissed as legally frivolous.

Finally, the Court will refrain from exercising pendant jurisdiction over Plaintiff's state-law-based claims. Pendant jurisdiction may be exercised in the Court's discretion where "the federal claim [has] substance sufficient to confer subject mater jurisdiction

on the court." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-26 (1966). Federal courts may decline supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Because all federal claims are being dismissed the state-law-based claims will be dismissed without prejudice. *Carnegie-Mellon Univ. v. Cohill* , 484 U.S. 343, 350 (1988).

Based on these findings, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed with prejudice with respect to all federal claims either for lack of subject matter jurisdiction or as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that all state-law-based claims are dismissed without prejudice. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this __18th__ day of ___April___, 2013.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court